```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

ARCHIE E. HORTON,            )
                             )
         Plaintiff,          )
                             )
     v.                      )    No. 4:05 CV 65 DDN
                             )
HUSSMANN CORPORATION and     )
ASET CORPORATION,            )
                             )
         Defendants.         )

**MEMORANDUM AND ORDER**

This action is before the court on the motions of plaintiff Archie E. Horton to strike portions of the summary judgment record submitted by ASET Corporation (Doc. 78) and Hussmann Corporation (Doc. 81), and the motion of ASET Corporation to strike a portion of the record submitted by Horton. (Doc. 87.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 23.)

**I.   BACKGROUND**

This case arises out of an undercover investigation by ASET Corporation into employee misconduct at Hussmann Corporation's Bridgeton, Missouri facility. Plaintiff Archie E. Horton brought this action for racial discrimination against defendants Hussmann and ASET, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. (Doc. 40.) In Count I of his amended complaint, Horton claims Hussmann violated Title VII by targeting him for investigation because of his race and firing him because of his race. In Count II, he claims Hussmann violated § 1981 by firing him based on his race. In Count III, Horton claims ASET violated § 1981 by participating in the race-based investigation and his racially-motivated discharge. (Id.)

In its answer, Hussmann denies that it discriminated against Horton in violation of Title VII and § 1981. Instead, Hussmann alleges the decision to fire Horton was based on legitimate nondiscriminatory reasons, and race played no role in the decision. (Doc. 42.) In its

answer, ASET also denies it participated in discriminating against Horton in violation of § 1981.  Instead, ASET argues its decisions concerning Horton were based on legitimate nondiscriminatory reasons and race was not a factor.  (Doc. 50.)

## II.  MOTIONS TO STRIKE

Horton moves to strike statements contained in ASET's Exhibits A, B, C, D, E, and F of its motion for summary judgment.  (Doc. 78.)  Horton also moves to strike statements contained in Hussmann's Exhibits E, F, G, H, I, and J of its motion for summary judgment.  (Doc. 81.)  Finally, ASET moves to strike  Horton's Exhibit 4 of his opposition to summary judgment.  (Doc. 87.)

A court, upon a motion for summary judgment, can consider any material that would be admissible at trial.  Rill v. Trautman, 950 F. Supp. 268, 269 (E.D. Mo. 1996); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2721 (2007).  To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Federal Rule of Civil Procedure 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.  Rill, 950 F. Supp. at 269; 10A Wright, Federal Practice and Procedure § 2722.

### A.  ASET'S EXHIBITS

**Exhibit A**

Exhibit A is the affidavit of Charles Carroll, the President and CEO of ASET.  In his affidavit, Carroll states, "ASET Corporation did not terminate Archie Horton from his employment with Hussmann Corporation, nor did anyone from ASET Corporation at any time recommend that Mr. Horton be terminated."  (Doc. 64, Ex. A at 1).  Horton argues Carroll could not have known what other ASET employees recommended and, therefore, that portion of his statement is inadmissible hearsay.  (Doc. 79 at 2.)  In response, ASET argues Carroll made the statement with personal knowledge and it should not be stricken.  According to ASET, Carroll merely stated – from his own knowledge – that no recommendation was made to fire Horton.  (Doc. 83 at 2.)

-2-

Hearsay is a statement, other than one made by the declarant while testifying at trial or during a hearing, offered into evidence to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).  Under Rule 801(c), ASET may use Exhibit A to prove Carroll's personal knowledge about whether ASET made any recommendation to fire Horton.  ASET may not, however, use Exhibit A as proof outside of Carroll's personal knowledge that no one from ASET recommended Horton be fired.  In his affidavit, Carroll swears to "have personal knowledge of the undercover investigation conducted at Defendant Hussmann Corporation's Bridgeton, Missouri facility. . . ."  (Doc. 64, Ex. A at 1.)

The motion to strike Exhibit A is therefore denied.

**Exhibit B**

Exhibit B is a one-page document purporting to describe an encounter between Horton and Keith Harris on Hussmann property.  The document is argued to be the written report of ASET'S undercover agent's observation that Harris handed Horton a bag suspected to contain marijuana.  (Doc. 64, Ex. B at 1.)  Horton argues that the exhibit is inadmissible to prove the events described in the document are true because the exhibit is hearsay.  (Doc. 79 at 2.)  Horton also argues there is no proof of who prepared the exhibit and in what context.  (Doc. 84 at 2.)

In response, ASET argues it is not using Exhibit B to establish the truth of the events described.  Instead, ASET states Exhibit B only illustrates that the undercover agent prepared an incident report which noted that Horton received marijuana from a fellow employee while on Hussmann property.  (Doc. 83 at 2.)

While ASET's legal memorandum argument as to what Exhibit B is may be accurate, neither Exhibit B itself nor any accompanying affidavit indicates who made the written report and in what context the report was made. Fed. R. Evid. 901. There is no sufficient evidentiary indication of the document's author, the author's basis of knowledge, and the context in which the document was made, attested to by a person with knowledge.  <u>See</u> Fed. R. Evid. 901(b)(1).

The motion to strike Exhibit B is therefore granted.

**Exhibit E**

Exhibit E is labeled "Disciplinary Action Report." According to the report, Horton's termination was changed to a "fair and final warning" and he would be allowed to return to work. (Doc. 64, Ex. E at 1.) Horton argues that the exhibit is inadmissible to prove the truth of its contents, because the exhibit is inadmissible as hearsay. (Doc. 79 at 2.) In response, ASET argues Exhibit E satisfies the business records exception to the hearsay proscription. In addition, ASET argues it is undisputed that Horton was reinstated. (Doc. 83 at 3.)

While each party admits Horton has been rehired, Exhibit E contains information beyond Horton's reinstatement. The exhibit states that it has been certified, but the document is not authenticated or attached to any supporting affidavit. See Fed. R. Evid. 901.

The motion to strike Exhibit E is therefore granted.

**Exhibits C, D, F**

According to Horton, Exhibits C, D, and F were attached to ASET's statement of undisputed facts, yet ASET does not refer to these exhibits in its statement of undisputed facts. As a result, Horton argues that these exhibits are immaterial and should be stricken from the record. (Doc. 79 at 3.) In response, ASET argues Exhibits C, D, and F are material and each exhibit was mentioned in its memorandum in support of summary judgment, to which it attached its statement of undisputed facts. ASET adds that the local rules do not require every exhibit to be referenced in the statement of undisputed facts. (Doc. 83 at 3.)

Exhibits C, D, and F are not supported by any affidavit explaining their authenticity or relevance. Because ASET has not indicated the relevance of these exhibits to its motion for summary judgment, the motion to strike Exhibits C, D, and F is granted.

### B. HUSSMANN'S EXHIBITS

**Exhibit E**

Exhibit E is assertedly a log of the undercover agent's daily activities. According to Horton, Hussmann is offering Exhibit E to prove that Jocelyn Taylor (the undercover agent) spoke with a number of

white employees as part of her investigation. Since Hussmann is using the exhibit to prove the truth of the matter described, Horton argues the exhibit is inadmissible as hearsay. (Doc. 82 at 2.)

In response, Hussmann first argues the motion to strike is untimely under Federal Rule of Civil Procedure 12(f). Next, the company argues Exhibit E is not hearsay because it is not being used to prove the truth of its contents. Exhibit E is not being used to prove the undercover agent spoke with white employees, but rather to show Hussmann believed the undercover agent spoke with white employees. Finally, Hussmann argues the document satisfies the business records exception or the catch-all exception of Federal Rule of Evidence 807. (Doc. 85 at 6-10.)

A motion to strike an affidavit under Rule 56(e) must simply be timely. 10B Wright, Federal Practice and Procedure § 2738. The question of whether a motion to strike is timely rests within the discretion of the trial judge. <u>Id.</u> In this case, Hussmann filed its motion for summary judgment on August 3, 2007 (Doc. 66) and Horton filed his motion to strike on August 31, 2007 (Doc. 81.) Rule 12(f) applies only to pleadings, not exhibits attached to motions, and is therefore inapplicable. <u>Rhea v. Dollar Tree Stores, Inc.</u>, 395 F. Supp. 2d 696, 702 n.7 (W.D. Tenn. 2005). The motion to strike the exhibit from the summary judgment record is therefore timely.

Federal Rule of Evidence 803(6) provides an exception to the rule against hearsay. Under this business records exception, any report, record, or data compilation made of acts or events, made at or near the time of the events, is not hearsay if the report was kept in the course of a regularly conducted business activity and it was the regular practice of the business to make such reports, as shown by the custodian. Fed. R. Evid. 803(6).

In a sworn affidavit, Linda Cantrell, ASET's custodian of records, states that the company maintained reports and documentation, in the regular course of its business, related to the investigation of drug use and misconduct at the Hussmann plant in Bridgeton. She also states that Jocelyn Taylor, an ASET employee, produced daily reports detailing her activities and the individuals she spoke with during her undercover investigation. These documents have all been disclosed during the

course of discovery. (Doc. 85, Ex. A at 1.) The Cantrell affidavit satisfies the authentication and genuineness requirements of Rule 901 for Exhibit E. Exhibit E satisfies the business records exception and may be considered as part of the record.

The motion to strike Exhibit E is therefore denied.

**Exhibits F, G**

Exhibits F and G are each entitled "Executive Summary Report," and respectively dated June 5, 2003, and July 2, 2003. Horton claims each exhibit is inadmissible on hearsay grounds if these exhibits are being offered to prove the truth of their contents. He also claims the exhibits are immaterial since there is no evidence the defendants possessed the exhibits when they fired Horton. (Doc. 82 at 2.) In response, Hussmann argues Exhibits F and G are not hearsay because the documents are not being used to prove the truth of their contents. The company also argues the exhibits satisfy either the business records exception or the catch-all exception of Rule 807. (Doc. 85 at 6-10.)

Exhibits F and G provide summaries of the undercover agent's activities during her investigation. The cover page of each exhibit features the ASET logo above the phrase "Corporate Undercover / Special Investigations." The heading of the cover page reads "Confidential Information, ASET Corporation, Dayton, Ohio." The facts within the summaries are derived from daily activity reports, incident reports, financial reports, client recommendations, and police recommendations. (Doc. 67, Exs. F, G.) Exhibits F and G are part of the regularly kept business records, as stated in Cantrell's affidavit. The exhibits are material and form part of the record.

The motion to strike Exhibits F and G is denied.

**Exhibit I**

Plaintiff argues that Exhibit I is a portion of a deposition from another case involving Hussmann. Since Hussmann did not reference the exhibit in its statement of uncontested facts, Horton argues the exhibit cannot be related to a material fact in the case. Horton also claims that Hussmann mentions Exhibit I in reference to an employee named Chris

Perry, but that the deposition never mentions Perry.  Finally, Horton argues that Exhibit I is inadmissible as hearsay.  (Doc. 82 at 2-3).  In response, Hussmann argues Exhibit I falls within the catch-all exception of Rule 807.  (Doc. 85 at 9.)

Under Rule 56(c), the court may look to depositions when ruling on a summary judgment motion.  Fed. R. Civ. P. 56(c); 10A Wright, Federal Practice and Procedure § 2722.  These depositions do not have to be from the case at issue; depositions taken during another case may be used.  Fed. R. Civ. P. 32(a)(4); 10A Wright, Federal Practice and Procedure § 2722.  That said, courts have usually required a deposition from another case to involve the same subject matter and the same parties before being used in a summary judgment proceeding.  Fed. R. Evid. 804(b)(1) (party against whom deposition is offered has opportunity to cross-examine); Coffey v. Cox, 218 F. Supp. 2d 997, 1005 n.10 (C.D. Ill. 2002); W. Land Corp. v. Crawford-Merz Co., 62 F.R.D. 550, 554 (D. Minn. 1973).

Exhibit I involves the deposition of Gary Ray, in a case between Daren Garner and Hussmann.  Plaintiff Horton was not a party to this deposition and did not have an opportunity to object to or develop the testimony elicited during this deposition.  See Fed. R. Evid. 804(b)(1).

Finally, Rule 807 is reserved for "exceptional circumstances" where the evidence at issue carries a "guarantee of trustworthiness equivalent to or superior to that which underlies the other recognized exceptions." United States v. Thunder Horse, 370 F.3d 745, 747 (8th Cir. 2004).  The deposition at issue does not involve exceptional circumstances.

The motion to strike Exhibit I is granted.

**Exhibit J**

Exhibit J is entitled "Shut Down Interview Summary."  Since Hussmann did not reference the exhibit in its statement of uncontested facts, Horton claims he has been deprived the opportunity to address the exhibit's contents.  In addition, Horton maintains that the exhibit does not prove that ASET's investigator interacted with anyone or prove the race of the individuals in question.  Finally, Horton argues Exhibit J is inadmissible as hearsay.  (Doc. 82 at 3-4.)

In response, Hussmann argues Exhibit J is not hearsay because the document is not being used to prove the truth of the matter asserted. The company also argues the exhibit satisfies either the business records exception or the catch-all exception of Rule 807. (Doc. 85 at 6-10.)

Exhibit J is a two-page document that describes the results of ASET's investigation into employee misconduct. The document lists a number of different employees and their alleged offenses. The top of each page reads "Shut Down Interview Summary" and "Hussmann Corporation July 22nd 2003." However, there is no indication who prepared the two-page document. There is no cover page and no corporate logo indicating where the document originated. Fed. R. Evid. 901. As a result, there is no indication Exhibit J was a document prepared in the regular course of either ASET's or Hussmann's business. Fed. R. Evid. 803(6). In addition, Exhibit J does not satisfy the exceptional circumstances of Rule 807.

The motion to strike Exhibit J is granted.

**Exhibit D**

Exhibit D is a letter between ASET and Hussmann. In its motion to strike, Horton makes no mention of Exhibit D. (Doc. 82.) Yet, in its response to plaintiff's motion, Hussmann argues Exhibit D is not hearsay because the letter is not being used to prove the truth of the matter asserted. The company also argues the letter is admissible under the business records exception or the catch-all exception. (Doc. 85 at 9.) In his reply, Horton claims Exhibit D is hearsay and Hussmann has cited the document to prove the truth of the matter asserted. (Doc. 89 at 3.)

Because the claim has been addressed by both parties, the issue of the admissibility of Exhibit D is properly before the court. <u>Hedges v. Musco</u>, 204 F.3d 109, 122 (3d Cir. 2000). Exhibit D bears the letterhead of Carroll & Associates and is addressed to Richard Kurt of Hussmann. The letter is signed by Kurt and Charles Carroll, the President and the CEO of Carroll & Associates. The letter describes the terms and conditions of the investigation ASET will provide Hussmann. Exhibit D was not a letter prepared for litigation, but rather the type of letter

written in the regular course of business activity. See Phoenix Mut. Life Ins. Co. v. Adams, 828 F. Supp. 379, 389 (D.S.C. 1993), aff'd, 30 F.3d 554 (4th Cir. 1994). This document is within the category of "memorandum, report, record, or data compilation" listed in Rule 803(6). Mextel, Inc. v. Air-Shields, Inc., No. Civ. A. 01-CV-7308, 2005 WL 226112, at *11 (E.D. Pa. Jan. 31, 2005).

The motion to strike Exhibit D is denied.

### C. HORTON'S EXHIBITS

**Exhibit 4**

Exhibit 4 is a declaration by Rodney Cutright, a white employee at Hussmann.[1] In an interrogatory, ASET requested the names of anyone having information related to the plaintiff's claims. In his answer to the interrogatory, Horton did not list Rodney Cutright. (Doc. 87, Ex. A at 2.) In its motion, ASET moves to strike Cutright's declaration under Federal Rule of Civil Procedure 37(c)(1). (Doc. 88 at 2.)

In response, Horton states that he is now amending his discovery responses, and this amendment fits within the seasonable amendment requirements of Rule 26(e)(2). He argues he became aware of Cutright's relevance when it was time to reply to the issues raised by the defendants in their summary judgment motions. Horton also claims the failure to amend his discovery responses is harmless. (Doc. 90 at 1-2.)

If a party fails to amend a prior discovery response, without substantial justification, as required by Rule 26, the party may not use that evidence at trial or in a motion, unless the failure to amend is harmless. Fed. R. Civ. P. 37(c)(1).[2] To avoid sanctions, Horton bears

---

[1] Rodney Cutright's declaration does not bear a signature. Because the declaration was electronically filed and the defendants have not raised the issue, the court considers the declaration genuine. Cf. Judge v. Susee, No. 05-214 (PAM/JSM), 2006 WL 463534, at *8 (D. Minn. Feb. 24, 2006) (holding an unsigned declaration is insufficient evidence to create a genuine issue of material fact).

[2] Rule 37(c)(1) states, in relevant part,

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or
(continued...)

the burden of showing his actions were substantially justified or harmless.  In re Air Crash Near Kirksville, Mo. on Oct. 19, 2004, No. 4:05MD1702 JCH, 2007 WL 2363505, at *4 (E.D. Mo. Aug. 16, 2007).  Delays in disclosure are not substantially justified if they could have reasonably been avoided.  CNH Capital Am. LLC v. McCandless, No. C05-2087, 2007 WL 1830819, at *4 (N.D. Iowa June 22, 2007).  In this case, the partes had until July 20, 2007 to complete discovery.  (Doc. 56.)  Horton filed Cutright's declaration on August 31, 2007, as part of his opposition to ASET's motion for summary judgment.  In his declaration, Cutright states Jocelyn Taylor only spoke with black employees.  In his opinion, "[h]er attention to black employees was so noticeable that it appeared that she was targeting them for attention." (Doc. 77, Ex. 4 at 2.)   Horton's failure to timely amend his discovery response is harmful.  Cutright's declaration goes to the very nature of establishing a prima facie case of discrimination.  Yet, Horton filed the declaration after the close of discovery, preventing ASET from deposing Cutright.  In his response, Horton claims he became aware of Cutright's relevance only after reviewing the summary judgment motions.  However, in his amended complaint, Horton alleges he was the subject of a "race-based investigation."  The relevance of Cutright's declaration was apparent from the filing of the amended complaint.

The motion to strike Exhibit 4 is therefore granted.

### III.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of Horton to strike portions of the record submitted by ASET (Doc. 78) is granted in part and denied

---

²(...continued)
to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

in part. The motion to strike is denied as to Exhibit A. The motion to strike is sustained as to Exhibits B, C, D, E, and F.

**IT IS FURTHER ORDERED** that the motion of Horton to strike portions of the record submitted by Hussmann (Doc. 81) is granted in part and denied in part. The motion to strike is denied as to Exhibits D, E, F, and G. The motion to strike is sustained as to Exhibits I and J.

**IT IS FURTHER ORDERED** that the motion of ASET to strike a portion of the record submitted by Horton (Doc. 87) is granted. The motion to strike Exhibit 4 is granted.

                                                    /S/ David D. Noce
                                             **UNITED STATES MAGISTRATE JUDGE**

Signed on September 27, 2007.